UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:22-CR-459 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| ACIE A. CLARK, III | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Acie A. Clark, III's motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on Part A of Amendment 821 to the Sentencing Guidelines. (Doc. No. 38.) The Federal Public Defender's Office timely filed a notice of no intent to supplement. (Doc. No. 40; *see* NDOH General Order No. 2023-20.) The government then timely opposed Clark's motion. (Doc. No. 41.)

**I.   Background**

On August 10, 2022, Clark was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) On December 20, 2022, he pleaded guilty. (Doc. No. 22.) The plea agreement stipulated to a base offense level of 14 and a two-level reduction for acceptance of responsibility. (*Id.* at 78.) There was no agreement as to criminal history. (*Id.*)

At sentencing, the Court determined that the base offense level was properly 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(B). (Doc. No. 29 at 140; *see also* (Doc. No. 34 at 178 (adopting the

presentence investigation report without change).)¹ The base offense level was then reduced by three levels under Section 3E1.1, with a total offense level of 17. (Doc. No. 29 at 140.) Clark's criminal history score subtotal was eight. (*Id.* at 143.) But because he was under criminal justice sentences at the time of the offense, two "status points" were added, pursuant to Section 4A1.1(d). (*Id.*) Clark's total criminal history score was 10, which placed him in Criminal History Category V. (*Id.*) The advisory Guidelines range for a total offense level of 17 and a Criminal History Category V was 46-57 months. (*Id.* at 147.)

After considering the Section 3553(a) sentencing factors, the Court varied downward to allow Clark to receive the benefit of the offense level computation in his plea agreement. (Doc. No. 34 at 180.) Applying the total offense level of 12 and Criminal History Category V, the plea agreement provided for an advisory Guidelines range of 27-33 months. (*Id.* at 178.) The Court sentenced Clark to 33 months imprisonment, 3 years of supervised release, and a $100 special assessment. (Doc. No. 33.)

**II.** **Discussion**

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[,]" and the Section 3553(a) factors weigh in favor of a reduction. *Id.*

Section 1B1.10 sets forth the Sentencing Commission's policy statement on sentence

---

¹ For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

reductions. To comply with Section 3582(c)(2), "[a] court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set for in 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010). Pursuant to Section 1B1.10(b)(2), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this section." Meaning this: after the amendment is applied and a new Guidelines range is determined, the minimum term of months for the revised Guidelines range sets the floor for the court's authority to reduce the defendant's term of incarceration.

At issue here is the Sentencing Commission's amendment to the "status points" provision regarding criminal history. Where all defendants previously received two additional "status points" to their criminal history score for committing the offense of conviction while serving a criminal justice sentence, Part A to Amendment 821 now provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, supervised release, imprisonment, work release, or escape status.

U.S.S.G § 4A1.1(e). Notably, the Sentencing Commission made this amendment retroactive, and any grant of relief must post-date February 1, 2024. U.S.S.G. § 1B1.10(e)(2) and Application Note 7 (Nov. 1, 2023).

Clark has nine criminal history points. Applying the amendment to Clark's criminal history score results in a change to his "status points." Where he received two additional status points at sentencing, he now receives one additional status point. Clark's revised criminal history points total 10.

This reduction in criminal history points affects Clark's Criminal History Category and

applicable Guidelines range. At sentencing, the Court determined that the Total Offense Level was 17, the Criminal History Category was V, and the corresponding range was 46-57 months. (Doc. No. 29 at 147.) The one-level reduction to Clark's criminal history points corresponds to Criminal History Category IV and a reduced Guidelines range of 37-46 months. However, Clark was sentenced to a term of imprisonment of 33 months. (Doc. No. 33.) This is four months below the minimum of the revised Guidelines range. As stated in Sections 1B1.10 and 3582(c)(2), the Court does not have the authority to modify Clark's 33-month term of incarceration because he was already sentenced below the Guidelines range that corresponds to his revised Criminal History Category.

### III.  Conclusion

For the reasons stated herein, Defendant Acie A. Clark, III's motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence based on Part A of Amendment 821 to the Sentencing Guidelines is DENIED.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: March 4, 2024